# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SKAGIT COUNTY

AMY TAYLOR

    Plaintiff,

vs.

HARVEY C. HARBAUGH AND PATRICIA M. HARBAUGH, AND THE MARITAL COMMUNITY COMPOSED THEREOF; AND CARRIAGE ESTATES MH 55 + LLC;

    Defendants.

No. 19-2 01047 29

COMPLAINT

## I. COMPLAINT

Plaintiff, by and through her undersigned attorney, alleges and states as follows:

## II. NATURE OF ACTION

1. This is an action under the Washington Law Against Discrimination, Chapter 49.60 RCW, brought to remedy and provide appropriate damages for Defendants' unlawful housing discrimination based on disability. This action is also brought to remedy defendant's violations of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act" or "FHA").

COMPLAINT, Page 1
Skagit County No.

Thomas Law Group, Inc.
1204 Cleveland
Mount Vernon WA 98273
(360) 503-1042
scott@scottgthomaslaw.com

## III. JURISDICTION AND VENUE

2. This court has jurisdiction of this matter pursuant to RCW 2.08.010.

3. The actions complained of herein, and the subject property is situated in Skagit County, Washington. Venue is proper in Skagit County pursuant to RCW 4.12.020.

4. Plaintiff filed a complaint with the Washington Human Rights Office, which was cross-filed with the federal Office of Fair Housing and Equal Opportunity. On February 5, 2018, the Office of Fair Housing and Equal Opportunity issued correspondence to Ms. Taylor, advising her that she could file a civil lawsuit pursuant to 42 U.S.C. § 3613.

## IV. THE PARTIES AND THE SUBJECT PROPERTY

5. Plaintiff Amy Taylor ("Ms. Taylor") is a single woman, who at all times relevant to this Complaint resided at the Carriage Estates Mobile Home Park in Sedro-Woolley, Washington.

6. At all relevant times, Ms. Taylor is and was a person with a disability as defined by the FHA, 42 U.S.C. § 3602(h), and RCW 49.60.040. She has been diagnosed with bronchitis, diplopia, hip bursitis, lumbago, multiple sclerosis, sciatica, and anxiety, and is treated regularly by licensed physicians. Her disabilities substantially limit several of her major life activities, including her ability to move around her home, to care for herself, and to sleep.

7. Carriage Estates Mobile Home Park, located in Sedro-Woolley, Washington, is a mobile home park consisting of approximately 46 lots (the "Subject

COMPLAINT, Page 2
Skagit County No.

Thomas Law Group, Inc.
1204 Cleveland
Mount Vernon WA 98273
(360) 503-1042
scott@scottgthomaslaw.com

Property" or "Carriage Estates"). The lots at the Subject Property are offered for lease for the placement thereon of mobile homes.

8. The lots at the Subject Property are "dwellings" within the meaning of 42 U.S.C. § 3602(b), and RCW 49.60.040.

9. At all relevant times, Defendants Harvey C. Harbaugh and Patricia M. Harbaugh (the "Harbaughs") are the owners and managers of the Subject Property. On information and belief, the Harbaughs are the sole owners and managers of Defendant Carriage Estates MH 55 + LLC, which operates Carriage Estates.

10. Plaintiff is an aggrieved person within the meaning of 42 U.S.C. § 3602(i).

## V. FACTUAL ALLEGATIONS

11. On or about October 15, 2015, Ms. Taylor and her now ex-husband, Garry Taylor ("Mr. Taylor"), purchased a mobile home (the "Mobile Home") that was situated on a lot within Carriage Estates.

12. Carriage Estates is described by the Harbaughs as a 55+ community, in which residents must be at least 40 years of age in order to reside there.

13. On or about October 28, 2015, Ms. Taylor and Mr. Taylor (together, the "Taylors") entered into a lease agreement with the Defendant Carriage Estates, for Lot 27 of the Subject Property. Ms. Taylor lived in the Mobile Home with Mr. Taylor. The lease agreement provides that the Mobile Home was to be occupied by Mr. Taylor and Ms. Taylor, and a service dog. The lease agreement includes a notation reading "Housing For Persons 55 and Older," but contains no other restrictions or other text addressing the age of the occupants.

COMMPLAINT, Page 3
Skagit County No.

Thomas Law Group, Inc.
1204 Cleveland
Mount Vernon WA 98273
(360) 503-1042
scott@scottgthomaslaw.com

14. Defendants did not provide to the Taylors any rules or regulations applicable to Carriage Estates that were not included in the lease agreement.

15. Ms. Taylor's physical impairments and disabilities include mobility impairments, which have been diagnosed by her physicians. Several of these impairments require assistance with day-to-day living activities. Mr. Taylor was unable to provide assistance to Ms. Taylor on a 24-hour basis due to his own health conditions.

16. Without assistance, Ms. Taylor would not have been able to live at her home in Carriage Estates.

17. Ms. Taylor hired her grandson, Ethan Farrington ("Mr. Farrington"), to provide care and living assistance to Ms. Taylor. Mr. Farrington stayed with Ms. Taylor overnight to provide care. During the day, when Garry Taylor was able to assist Ms. Taylor, Mr. Farrington left to work offsite for a different employer.

18. Mr. Farrington was not a resident of Carriage Estates, did not sign a lease or any other kind of contract with any of the defendants, and was not responsible for paying any of the rent for the lot occupied by the Taylor's Mobile Home.

19. The Harbaughs objected to Mr. Farrington staying with Ms. Taylor overnight because Mr. Farrington allegedly did not meet the minimum age requirements of Carriage Estates. Ms. Taylor requested a reasonable accommodation by asking that Mr. Farrington be exempted from any age requirement so that he could assist with Ms. Taylor's care.

20. Through correspondence dated October 5, 2017, Patricia Harbaugh acknowledged that the Taylors had hired Mr. Farrington as Ms. Taylor's caregiver, and demanded that Ms. Taylor obtain a "note" from her doctor demonstrating that she

COMPLAINT, Page 4
Skagit County No.

Thomas Law Group, Inc.
1204 Cleveland
Mount Vernon WA 98273
(360) 503-1042
scott@scottgthomaslaw.com

needed a caregiver, and "provide plan for treatment of patient [sic.]" Patricia Harbaugh further demanded that Mr. Farrington be screened and that he sign a caregiver agreement, after which Mr. Farrington would be allowed to serve as Ms. Taylor's caregiver. In that correspondence, Ms. Harbaugh accused Mr. Taylor of lying about Mr. Taylor's sleep schedule, and Ms. Taylor's need for an additional caregiver.

21. On or about October 6, 2017, Ms. Taylor's physician verified in writing that Ms. Taylor required the assistance of Mr. Farrington as a caregiver in her residence. The note was provided to defendants.

22. Ms. Taylor's disability, and her inability to move easily, was obvious to a casual observer. No additional information was necessary to demonstrate Ms. Taylor's need for a caregiver to assist her.

23. Patricia Harbaugh's demand that Ms. Taylor submit to Ms. Harbaugh a treatment plan was an inquiry into the nature and/or severity of Ms. Taylor's disability.

24. In correspondence dated October 9, 2017, Patricia Harbaugh again acknowledged that Mr. Farrington had been selected by Ms. Taylor to be her caregiver, and stated that Mr. Farrington had to be approved by defendants to be Ms. Taylor's caregiver.

25. In accordance with the Harbaughs' demand, Mr. Farrington submitted relevant information to the Harbaughs for screening on or about October 11, 2017. Mr. Farrington submitted a release, provided to him by the Harbaughs, that stated that as part of the screening a background check would be performed of Mr. Farrington that included a social security number verification, a residential background check, and a credit card inquiry. The social security verification, residential background check, and

COMPLAINT, Page 5
Skagit County No.

Thomas Law Group, Inc.
1204 Cleveland
Mount Vernon WA 98273
(360) 503-1042
scott@scottgthomaslaw.com

credit card inquiry served no legitimate purpose because Mr. Farrington was not intended to be responsible to Carriage Estates for any of Ms. Taylor's or Mr. Taylor's financial obligations.

26. On or about October 23, 2017, Mr. Taylor's physician verified in writing that Mr. Taylor needed to have Mr. Farrington assist with Ms. Taylor's care because Mr. Taylor was unable to provide care as a consequence of Mr. Taylor's own medical conditions. This note was provided to Carriage Estates.

27. On or about October 26, 2017, Ms. Taylor's internist verified in writing that Ms. Taylor required assistance with her ADLS.

28. In November, 2017, defendants performed a background check on Mr. Farrington which revealed that Mr. Farrington's name was on a written rental agreement for a dwelling situated in Mount Vernon, Washington; that Mr. Farrington had complied with his rental agreement; that he had no criminal records; that he was not registered as a sex offender; and that no court records had been found pertaining to an eviction.

29. Defendants lacked a reasonable accommodation policy or procedure to guide defendants in considering Ms. Taylor's request for a reasonable accommodation.

30. Defendants failed to respond to Ms. Taylor's request for a reasonable accommodation in a timely manner.

31. The Harbaughs subsequently advised Mr. Farrington that his "application" for tenancy was denied, based on information contained in a consumer-credit report. Mr. Farrington had only applied to be a caregiver for Ms. Taylor.

COMPLAINT, Page 6
Skagit County No.

Thomas Law Group, Inc.
1204 Cleveland
Mount Vernon WA 98273
(360) 503-1042
scott@scottgthomaslaw.com

32. The defendants failed to engage in an interactive dialogue with Ms. Taylor about her accommodation request. Instead, Defendants engaged in hostile and harassing actions intended to intimidate Mr. and Ms. Taylor.

33. The accommodation requested by Ms. Taylor would not have imposed an alteration of the nature of Carriage Estates.

34. The accommodation requested by Ms. Taylor would not have imposed a financial or administrative burden on defendants.

35. On or about November 27, 2017, Tom Hastings, resident manager of Defendant Carriage Estates MH 55+ LLC ("Mr. Hastings"), served Ethan Farrington with a 3-day notice to quit, surrender possession, and trespass (the "First Notice"). The First Notice stated that it was based upon Chapters 59.12 and 59.20 RCW, and explicitly identified Mr. Farrington as being subject to the First Notice.

36. In correspondence dated November 28, 2017, Ms. Harbaugh purported to recount a conversation she had that same day with Mr. Taylor. The correspondence is argumentative, dismissive, and threatening in tone and in meaning.

37. On or about December 15, 2017, Mr. Hastings served the Taylors with a 3-day notice to quit or vacate (the "Second Notice"). The Second Notice stated that it was based upon Chapters 59.12 and 59.20 RCW, and explicitly identified Mr. Taylor, Ms. Taylor, and Mr. Farrington as being subject to the Second Notice. The Second Notice went on to identify the reason for issuance as being that the Taylors were occupying the premises without the permission of the owner, despite the fact that the Taylors had a valid lease agreement for their mobile home. The notice to quit went on

COMPLAINT, Page 7
Skagit County No.

Thomas Law Group, Inc.
1204 Cleveland
Mount Vernon WA 98273
(360) 503-1042
scott@scottgthomaslaw.com

to threaten the initiation of legal proceedings if the Taylors did not surrender possession within 3 days.

38. The rules violations as alleged by defendants was not enforceable against the Taylors.

39. Defendants were aware at the time the First Notice and the Second Notice was issued that the Taylors had no ability to remove their mobile home from Carriage Estates within the time periods set forth in the First Notice or the Second Notice.

40. Defendants were aware at the time the First Notice and the Second Notice was issued that the Taylors would be forced to abandon their valuable property.

41. Service of the notice was extremely distressing to Ms. Taylor. On the evening of December 15, 2017, Ms. Taylor suffered from stress and anxiety, and Mr. Taylor ended up calling 911 to obtain emergency medical assistance.

42. Ms. Taylor caused a letter be sent to Carriage Estates through her legal counsel, pointing out the legal jeopardy that Carriage Estates had placed itself. Through correspondence dated January 10, 2018, Carriage Estates' legal counsel withdrew the First Notice directed to Ms. and Mr. Taylor, and admitted that the notice had been sent for the purpose of intimidating the Taylors. The correspondence went on to threaten the Taylors with unsubstantiated violations of park rules.

## CAUSES OF ACTION

**A.   Violation of the Fair Housing Act.**

43. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

COMPLAINT, Page 8
Skagit County No.

Thomas Law Group, Inc.
1204 Cleveland
Mount Vernon WA 98273
(360) 503-1042
scott@scottgthomaslaw.com

44. By the actions set forth above, defendants have discriminated in the rental of a dwelling or denied a dwelling to a renter because of a disability of that renter in violation of 42 U.S.C. § 3604(f)(1).

45. By the actions set forth above, defendants have discriminated in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of a disability of that renter, in violation of 42 U.S.C. § 3604(f)(2).

46. By the actions set forth above, defendants have refused to make reasonable accommodations in rules, policies, practices, or services, when such an accommodation was necessary to afford a person with a disability equal opportunity to use and enjoy her dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

47. By the actions set forth above, defendants have coerced, intimidated, threatened, or interfered with a person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, rights granted by Section 804 of the FHA, in violation of 42 U.S.C. § 3617.

48. As a result of the defendant's conduct, Ms. Taylor has been injured.

49. The discriminatory actions of the defendants were intentional, willful, and taken in reckless disregard of the rights of Ms. Taylor.

**B. Violation of the Washington Law Against Discrimination**

50. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

COMPLAINT, Page 9
Skagit County No.

Thomas Law Group, Inc.
1204 Cleveland
Mount Vernon WA 98273
(360) 503-1042
scott@scottgthomaslaw.com

51. By the actions set forth above, defendants have discriminated in the rental of a dwelling or denied a dwelling to a renter because of a disability of that renter in violation of Chapter 49.60 RCW.

52. By the actions set forth above, defendants have discriminated in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of a disability of that renter, in violation of Chapter 49.60 RCW.

53. By the actions set forth above, defendants have discriminated in the terms, conditions, or privileges of rental of a dwelling by refusing to make reasonable accommodations in rules, policies, practices, or services, when such an accommodation was necessary to afford a person with a disability equal opportunity to use and enjoy her dwelling, in violation of Chapter 49.60 RCW.

54. As a result of the defendant's conduct, Ms. Taylor has been injured.

WHEREFORE, Plaintiff requests the following relief:

A. Enter judgment against defendants for housing discrimination in violation of the Fair Housing Act and the Washington Law Against Discrimination;

B. Award actual damages in an amount to be determined at trial to compensate Taylor for Defendants' unlawful conduct;

C. Award Plaintiff her reasonable attorney's fees and costs; and

D. Award such other and further relief as the Court deems just and proper.

/  /  /

COMPLAINT, Page 10
Skagit County No.

Thomas Law Group, Inc.
1204 Cleveland
Mount Vernon WA 98273
(360) 503-1042
scott@scottgthomaslaw.com

DATED THIS __11TH__ day of September, 2019.

THOMAS LAW GROUP, INC.

_____
SCOTT G. THOMAS, WSB No. 23079
Counsel for Plaintiffs

COMPLAINT, Page 11
Skagit County No.

Thomas Law Group, Inc.
1204 Cleveland
Mount Vernon WA 98273
(360) 503-1042
scott@scottgthomaslaw.com