UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMY TAYLOR,

               Plaintiff,

    v.

HARVEY HARBAUGH, et al.,

               Defendants.

CASE NO. C19-1761 MJP

ORDER RE MOTIONS IN LIMINE

THIS MATTER comes before the Court on the Parties' Stipulated Motions in Limine (Dkt. No. 21), Plaintiff's Motions in Limine (Dkt. No. 24) and Defendant's Motions in Limine (Dkt. No. 20.)  Having reviewed the Motions, the Responses (Dkt. Nos. 27, 28), and all related papers, the Court rules as follows:

**I.     Stipulated Motions in Limine**

The Court GRANTS the Parties' Stipulated Motions in Limine and ORDERS the following excluded at trial:

1.  Evidence and testimony pertaining to the Washington Human Rights Commission investigation.  (Dkt. No. 21 at 2.)

2.  Evidence and testimony pertaining to the conciliation process at the Washington Human Rights Commission, along with position statements and/or offers to compromise made during the Commission process.  (Id.)

3.  Evidence, testimony, comments, or questions assigning value to the credibility of witness testimony.  (Id.)

4.  Questions, argument or testimony that invites jurors to place themselves in the position of one of the parties.  (Id. at 3.)

5.  Evidence, testimony, or argument that any claimed economic damages are "owed" or will be paid to a third party.  (Id.)

6.  Testimony or argument about Defendants' liability insurer.  (Id.)

7.  Evidence, testimony, or comments pertaining to the interests of the community or describing jurors as protectors or guardians of the community.  (Id.)

8.  Statements by counsel about verdicts in other cases.  (Id.)

9.  References to the existence of motions in limine and any pretrial orders in the presence of the jury.  (Id.)

In addition, the Parties will provide their "will call" witness list to opposing counsel prior to the end of the day before the witness is called.  (Id. at 2.)

## II.       Plaintiff's Motions in Limine

**Motions in Limine Nos. 1-5:**  Plaintiff's Motions in Limine one through five seek to exclude documents obtained through a public records request to the Washington Human Rights Commission. (See Dkt. No. 24 at 3-5.)  Defendants have agreed not to introduce these

1    documents.  (See Dkt. No. 37.)  The Court therefore GRANTS Plaintiffs' Motions in Limine one

2    through five.

3        **Motion in Limine No. 6:**  Plaintiff's Motion in Limine No. 6 seeks to exclude a letter

4    dated November 28, 2017 sent from Defendant Patricia Harbaugh to Garry Taylor.  (Dkt. No. 24

5    at 5-6; Id., Exhibit 1, Declaration of Scott G. Thomas, ¶ 6, Ex. 3.)  Defendants argue this is a

6    "near-contemporaneous" writing and could be used to demonstrate when the parties became

7    aware of certain facts and therefore Defendants request that the Court reserve ruling.  (Dkt. No.

8    27 at 3.)  The Court RESERVES ruling on Plaintiff's Motion in Limine No. 6.

9        **Motion in Limine No. 7:** Plaintiff seeks to treat Defendant Partricia Harbaugh and

10   Defendants' former employee Thomas Hastings as adverse when she calls them during her case

11   in chief. (Dkt. No. 24 at 6.)  Plaintiff further asks the Court to preclude Defendants from

12   examining these witnesses using leading questions.  (Id.)  Defendants agree to Plaintiff's Motion

13   in Limine No. 7, with a number of additional limitations as to how the Court should treat

14   testifying witnesses.  (Dkt. No. 27 at 4-5.)  Because the Court will run trial in accordance with

15   the Federal Rules of Evidence and its usual Courtroom procedures, the Motion and Defendants'

16   additional conditions are unnecessary.  The Motion is therefore DENIED.

17       **III.    Defendants' Motions in Limine**

18       **Motion in Limine No. 1:**  Defendants seek to exclude evidence, testimony, comment, or

19   argument regarding undisclosed past and/or future damages (Dkt. No. 20 at 2.)  Plaintiff "does

20   not anticipate claiming damages outside of the categories she identified in discovery."  (Dkt. No.

21   28 at 1.)  The Court therefore GRANTS Defendants' Motion in Limine No. 1.

22       **Motion in Limine No. 2:**  Defendants seek to exclude lay witness testimony regarding

23   the cause of Plaintiff's condition, or medical diagnoses.  (Dkt. No. 20 at 2-3.)  Plaintiff argues

24

1   that granting this motion would "prohibit usual and common communications" such as the lay

2   use of the term "depression."  (Dkt. No. 28 at 2.)  Finding that the Parties have provided

3   insufficient information on the nature of the contested testimony, the Court RESERVES ruling

4   on Defendants' Motion in Limine No. 2.

5          **Motion in Limine No. 3:**  Exclude evidence, testimony, or argument regarding other

6   residents of Carriage Estates who were in violation of the Carriage Estates' age restrictions.

7   (Dkt. No. 20 at 2.)  Defendants claim that while frequently referring to such residents, Plaintiff

8   disclosed no witnesses with firsthand knowledge of the living arrangements of other residents

9   during discovery.  (Id.)  Plaintiff seeks to reference Debra Jackson, another resident disclosed by

10  Defendants during discovery, who was under 55 but over the age of 40.  (Dkt. No. 28 at 2-3.)

11  The Court GRANTS the Motion, with the limitation that Plaintiff may refer to Ms. Jackson, who

12  was disclosed by Defendants during discovery.

13

14          The clerk is ordered to provide copies of this order to all counsel.

15          Dated April 13, 2021.

16

17

          Marsha J. Pechman
18        United States Senior District Judge

19

20

21

22

23

24