**THE HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>HARVEY C. HARBAUGH AND PATRICIA M. HARBAUGH, AND THE MARITAL COMMUNITY COMPOSED THEREOF; AND CARRIAGE ESTATES MH 55 + LLC;<br><br>　　　　　Defendants. | Case No.  2:19-cv-01761-MJP<br><br>**PRETRIAL ORDER** |

## I.  JURISDICTION

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3601, in that the federal claims alleged in this action arise under the federal Fair Housing Act. The state claims asserted herein fall within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the claims arose within the County of Skagit, Washington.

## II.  CLAIMS AND DEFENSES

The plaintiff will pursue at trial the following claims:

　　1.　Discrimination against plaintiff because of disability in violation of 42 U.S.C. § 3604(f)(1) ;

PRETRIAL ORDER - Page 1 (2:19-cv-01761-MJP)

Thomas Law Group, Inc.
431 Sioux Dr., Ste. "A"
Mount Vernon WA 98273
(360) 990-8350
scott@scottgthomaslaw.com

2. Discrimination against plaintiff because of disability in violation of the Washington Law Against Discrimination, RCW § 49.60.222.

3. Refusal to make reasonable accommodations in defendants' rules, practices, or policies, which accommodation was necessary to allow plaintiff to use her dwelling, in violation of 42 U.S.C. § 3604(f)(3); and

4. Refusal to make reasonable accommodations in defendants' rules, practices, or policies, which accommodation was necessary to allow plaintiff to use her dwelling, in violation of the Washington Law Against Discrimination, RCW § 49.60.222.

5. Coercion, intimidation, threats, or interference with plaintiff's enjoyment of the right to housing in violation of 42 U.S.C. § 3617

6. Coercion, intimidation, threats, or interference with plaintiff's enjoyment of the right to housing in violation of the Washington Law Against Discrimination, RCW § 49.60.2235.

The defendant will pursue the following affirmative defenses:

1. Defendants will not pursue conventional affirmative defenses, but will present evidence of legitimate, nondiscriminatory reasons for their actions should a prima facie showing of discrimination be made by Plaintiff under the standard articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817 (1973).

### III.  ADMITTED FACTS

The following facts are admitted by the parties:

1. Plaintiff, Amy Taylor ("Ms. Taylor") is a citizen of the United States currently residing in Marion County in the State of Oregon.  During all times relevant to this lawsuit, Ms. Taylor resided in Skagit County, in the State of Washington.

2. Defendant Carriage Estates MH 55+ LLC ("Carriage Estates") is a Washington limited liability company.

PRETRIAL ORDER - Page 2 (2:19-cv-01761-MJP)

Thomas Law Group, Inc.
431 Sioux Dr., Ste. "A"
Mount Vernon WA 98273
(360) 990-8350
scott@scottgthomaslaw.com

3. Defendants Harvey Harbaugh and Patricia Harbaugh are citizens of the United States residing in King County in the State of Washington.

4. Patricia Harbaugh is the governor of Carriage Estates.

5. Defendants Harvey Harbaugh and Patricia Harbaugh are the owners of the Carriage Estates Mobile Home Park, located in Skagit County in the State of Washington.

6. Patricia Harbaugh manages Carriage Estates, and the Carriage Estates Mobile Home Park.

7. Ms. Taylor is a former tenant of defendants.

## IV.  ISSUES OF LAW

The following are the issues of law to be determined by the court:

1. Whether Plaintiff Amy Taylor has carried her burden of proving that a discriminatory reason motivated Defendant's decision to deny Mr. Farrington from serving as Ms. Taylor's caregiver in violation of the Fair Housing Act, 42 U.S.C. § 3601, et seq., and the Washington Law Against Discrimination, Chapter 49.60 RCW.

2. Whether Plaintiff Amy Taylor has carried her burden of proving that she was injured plaintiffs by committing discriminatory housing practices.

3. Whether Plaintiff Amy Taylor has carried her burden of proving that she is disabled, that Defendants were aware of her disability; that having Ethan Farrington serve as a caregiver to her would be a reasonable accommodation; and whether Defendants refused to make a reasonable accommodation.

4. Whether Defendants breached their affirmative duty to open a dialogue to discuss a reasonable accommodation with Plaintiff Amy Taylor.

5. Whether Plaintiff Amy Taylor has carried her burden of proving that Defendants coerced, intimidated, threatened, or interfered with any right guaranteed to her by the Fair Housing Act, 42 U.S.C. § 3601.

6.     Whether legitimate, non-discriminatory reasons exist for the actions of Defendants such that liability would not attach even in the event Plaintiff is able to make a prima facie case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817 (1973).

### V.  EXPERT WITNESSES

No expert witnesses are to be called at trial.

### VI.  OTHER WITNESSES

1. On behalf of plaintiff:

    a. Amy Taylor, 5355 River Road N, Keizer, OR; will testify concerning the discriminatory acts committed by defendants, the discrimination, harassment, and retaliation she was subjected to, and damages.

    b. Garry Taylor, PO Box 448, Sedro Woolley, WA will testify concerning the discriminatory acts committed by defendants, the discrimination, harassment, and retaliation plaintiff was subjected to, and damages.

    c. Ethan Farrington, PO Box 448, Sedro Woolley, WA; will testify concerning the care he provided to plaintiff, his attempts to be approved by defendants as caregiver, defendants' allegations as to his compliance with community rules, and damages.

    d. Melinda Farrington, 2967 Cedar Lane, Sedro-Woolley, WA; will testify concerning allegations of community rules violations, and damages.

    e. Jasmine Farrington, 2967 Cedar Lane, Sedro-Woolley, WA; will testify concerning allegations of community rules violations, and damages.

    f. Deanne Cameron; Ms. Cameron will testify concerning home health care provided to plaintiff, and a conversation she had with Patricia Harbaugh.

    g. Thomas Hastings, 884 Carriage Ct., Unit 43, Sedro-Woolley, WA; may testify as to his role as on-site manager of Carriage Estates.

    h. Patricia Harbaugh, P.O. Box 1774, Woodinville, WA; will testify as to discriminatory acts, harassment, and retaliatory acts.

PRETRIAL ORDER - Page 4 (2:19-cv-01761-MJP)

Thomas Law Group, Inc.
431 Sioux Dr., Ste. "A"
Mount Vernon WA 98273
(360) 990-8350
scott@scottgthomaslaw.com

2. On behalf of defendant:

a. **Patricia Harbaugh** will testify concerning all pertinent aspects of her experience and management in general as well as that of Carriage Estates. Ms. Harbaugh will testify concerning her knowledge of and compliance with applicable authorities, as well as the legitimate, non-discriminatory reasons for Defendants' acts and omissions as they reference or relate to Plaintiff's allegations. Finally, Ms. Harbaugh will testify as to all relevant personal observations as are or may become relevant in the defense of this action at trial.

b. **Ron Biggerstaff** was a neighbor of Plaintiff's during the relevant time period and may testify concerning all relevant personal observations and interactions as are or may become relevant in the defense of this action at trial.

c. **Eileen Biggerstaff** was a neighbor of Plaintiff's during the relevant time period and will testify concerning all relevant personal observations and interactions as are or may become relevant in the defense of this action at trial.

d. **Thomas Hastings** managed the property at Carriage Estates during the relevant time period and will testify concerning his relevant background and experience, as well as all relevant personal observations and interactions as are or may become relevant in the defense of this action at trial.

e. **Leta Hastings** may testify concerning all relevant personal observations and interactions as are or may become relevant in the defense of this action at trial.

## VII.  EXHIBITS

Plaintiff's Exhibits

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 1 | Lease | | | | X |
| 2 | Park Rules | | | | X |
| 3 | 2015-10-28 Taylor Census | | | | X |

PRETRIAL ORDER - Page 5 (2:19-cv-01761-MJP)

Thomas Law Group, Inc.
431 Sioux Dr., Ste. "A"
Mount Vernon WA 98273
(360) 990-8350
scott@scottgthomaslaw.com

| | | | | | |
|---|---|---|---|---|---|
| 4 | 2014-12-5 Jacobsen Census | | | | X |
| 5 | 2017-1-18 Jacobsen Census | | | | X |
| 6 | 2015-12-9 LTR Harbaugh to clients | | | | X |
| 7 | 2017-10-6 Dr. Teackle Martin Letter | | X | A, C, D, F | |
| 8 | 2017-10-23 Dr. Johnson note | | X | A, C, D, F | |
| 9 | 2017-10-26 Dr. Romano Letter | | X | A, C, D, F | |
| 10 | 2017-10-11 Background screen application | | | | X |
| 11 | 2017-10-11 Background screen release [pending redaction] | | | | X |
| 12 | 2017-1-9 Screening Report | | X | A, C, D, F | |
| 13 | Rejection Application Tenancy | | | | X |
| 14 | 2017-11-27 3 day notice quit | | | | X |
| 15 | 2017-12-15 3 day notice quit | | | | X |
| 16 | 2018-1-11 Housing Discrimination Complaint | | X | A, C, F | |
| 17 | Defendant Interrogatory Answers | | | | X |
| 18 | 2015-10-15 Real Estate Excise Tax Affidavit | | X | C, D, F, MIL | |
| 19 | 2019-5-29 Real Estate Excise Tax Affidavit | | X | C, D, F, MIL | |
| 20 | 2019-10-2 Real Estate Excise Tax Affidavit | | X | C, D, F, MIL | |

PRETRIAL ORDER - Page 6 (2:19-cv-01761-MJP)

Thomas Law Group, Inc.
431 Sioux Dr., Ste. "A"
Mount Vernon WA 98273
(360) 990-8350
scott@scottgthomaslaw.co

Defendant's Exhibits

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 121 | Park Resident Bi-Annual 55+ HUD Verification of Occupancy Forms 2015-2019 | | | | X |
| 122 | Taylor Bi-Annual 55+ HUD Verification of Occupancy Forms 2015-2017 | | | | X |
| 123 | Taylor RFA Answers | | | | X |
| 124 | Taylor Interrogatory Answers | | | | X |
| 125 | 2016-06-28 Biggerstaff Letter | | X | A, D | |
| 126 | 2016-08-10 Biggerstaff Letter | | X | A, D, F | |
| 127 | 2017-07-06 Biggerstaff Letter | | X | A, D, F | |
| 128 | 2018-03-03 Biggerstaff Letter | | | | X |
| 129 | 2018-08-05 Biggerstaff Letter | | X | A, B, C, D, F | |
| 130 | 2018-09-24 Biggerstaff Letter | | X | C, D | |
| 131 | 2018-10-02 Biggerstaff Letter | | X | A, B, C, D, F | |
| 132 | 2017-07-12 Carriage Estates Letter to Taylor | | X | B, C, D, E, F | |
| 133 | 2017-10-05 Carriage Estates Letter to Taylor | | | | X |
| 134 | 2017-10-09 Carriage Estates Letter to Taylor | | | | X |

PRETRIAL ORDER - Page 7 (2:19-cv-01761-MJP)

Thomas Law Group, Inc.
431 Sioux Dr., Ste. "A"
Mount Vernon WA 98273
(360) 990-8350
scott@scottgthomaslaw.com

| | | | | | |
|---|---|---|---|---|---|
| 135 | 2017-11-13 Carriage Estates Letter to Taylor | | X | A, D, F, MIL | |
| 136 | 2017-11-28 Carriage Estates Letter to Taylor | | X | A, C, D, F, MIL | |
| 137 | 2017-12-04 Carriage Estates Letter to Taylor | | | | X |
| 138 | 2018-01-18 Carriage Estates Letter to Taylor | | | | X |
| 139 | Photos of Taylor Lot | X | X | C, D | |
| 140 | Photos of Carriage Estates Community | X | X | C, D | |

Objection Code

| MIL | Subject of Motion in Limine |
|---|---|
| A | Hearsay (Fed. R. Evid. 802) |
| B | Opinion (Fed. R. Evid. 701) |
| C | Relevance (Fed. R. Evid. 403) |
| D | Foundation (Fed. R. Evid. 602) |
| E | Exhibit constitutes attempted expert testimony from a person not designated as an expert (Fed. R. Civ. P. 26) |
| F | Contains inadmissible matter |

## VIII.  ACTION BY THE COURT

a. This case is scheduled for trial before a jury on April 19, 2021, at 9:00 AM.

b. Trial briefs shall be submitted to the court on or before March 30, 2021.

c. Jury instructions requested by either party shall be submitted to the court on or before March 30, 2021. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before March 30, 2021.

PRETRIAL ORDER - Page 8 (2:19-cv-01761-MJP)

Thomas Law Group, Inc.
431 Sioux Dr., Ste. "A"
Mount Vernon WA 98273
(360) 990-8350
scott@scottgthomaslaw.com

d. The entire trial will take place using the ZoomGov.com platform. This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 14th day of April, 2021.

_____
United States District Judge

FORM APPROVED

**DATED:** March 31, 2021

BY: _s/_
Scott G. Thomas, WSBA# 23079
THOMAS LAW GROUP, P.S., INC.
431 Sioux Dr., Ste. "A"
Mt. Vernon, WA 98273
Attorneys for Plaintiff


MIX SANDERS THOMPSON, PLLC


*s/Michael G. Sanders*
Michael G. Sanders, WSBA No. 33881

MIX SANDERS THOMPSON, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Email: michael@mixsanders.com
Attorney for Defendants Harbaugh and Carriage Estates MH 55 + LLC

PRETRIAL ORDER - Page 9 (2:19-cv-01761-MJP)

Thomas Law Group, Inc.
431 Sioux Dr., Ste. "A"
Mount Vernon WA 98273
(360) 990-8350
scott@scottgthomaslaw.com