UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMY TAYLOR,

                Plaintiff,

    v.

HARVEY C. HARBAUGH et al.,

                Defendants.

CASE NO. C19-1761 MJP

COURT'S FINAL INSTRUCTIONS
TO THE JURY

Dated April 23, 2021.

Marsha J. Pechman
United States Senior District Judge

## INSTRUCTION NO. 1

### Duty of the Jury

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you will receive a copy of these instructions that you may take with you to the virtual jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## INSTRUCTION NO. 2

### Neutral Statement

To help you follow the evidence, I will give you a brief summary of the positions of the parties to this action:

Plaintiff Amy Taylor was a resident of Carriage Estates mobile home community from late 2015 to mid-2019. The Carriage Estates mobile home community is owned by Defendant Carriage Estates MH 55+, which is a Washington limited liability company or "LLC." Defendants Patricia and Harvey Harbaugh owned Carriage Estates, and leased a space at Carriage Estates to the Taylors during this time period. Carriage Estates' community rules limit residency to those over 40 years of age, with each residence to be occupied by at least one person who is 55 years of age or older.

Ms. Taylor has been diagnosed with several medical disorders. Persons such as the Plaintiff who have qualifying disabilities may not be discriminated against on the basis of such disability or disabilities. In this lawsuit, the Plaintiff alleges she was discriminated against in the following ways:

First, the Plaintiff claims and the Defendants deny that the Defendants improperly discriminated against the Plaintiff by refusing to allow her grandson Ethan Farrington to provide care to her.

Second, the Plaintiff claims and the Defendants deny that the Defendants improperly discriminated against the Plaintiff by failing to provide her with a reasonable accommodation by modifying established community rules to allow Ethan Farrington to provide care to the Plaintiff even though he was less than 40 years old.

Third, the Plaintiff claims and the Defendants deny that the Defendants improperly retaliated against the Plaintiff either as a result of her request for an accommodation, and/or because she asserted her rights.

Defendants assert their actions in this case were taken only for legitimate, non-discriminatory reasons.

The Plaintiff has the burden of proving all elements of her claims.

**INSTRUCTION NO. 3**

**Bench Conferences and Recesses**

From time to time during the trial, it may have become necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence should be treated under the rules of evidence and to avoid confusion and error.

Of course, we did what we could to keep the number and length of these conferences to a minimum. I may not always have granted an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO. 4**

**Taking Notes**

You were allowed to take notes to help you remember the evidence. If you did take notes, please keep them to yourself until you and your fellow jurors go to the virtual jury room to decide the case. Please destroy your notes at the conclusion of the case.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 5**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. During trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer was allowed to object. If I overruled the objection, the question could have properly been answered or the exhibit received. If I sustained the objection, the question could not have been answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been or consider any answer that was given.

During the trial, I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose

**INSTRUCTION NO. 6**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 7

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness said, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may have said something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 8

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 9**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

You have heard testimony in the form of depositions. This testimony is also evidence from which you are to decide the facts. You should draw no inference from whether these individuals were or were not physically present in the court themselves.

**INSTRUCTION NO. 10**

**Burden of Proof – Preponderance**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 11**

**Corporations and Similar Parties**

The law treats all parties equally whether they are corporations, limited liability companies or individuals. This means that corporations, limited liability companies and individuals are to be treated in the same fair and unprejudiced manner.

**INSTRUCTION NO. 12**

**Corporation Acts through its Employees**

Defendant Carriage Estates is a limited liability company. A limited liability company can act only through its officers and employees. Any act or omission of an officer or employee is the act or omission of the company.

## INSTRUCTION NO. 13

### Claim 1: Housing Discrimination – Disparate Treatment

Discrimination in housing on the basis of disability is prohibited.

To establish her claim of discrimination on the basis of disability, Plaintiff has the burden of proving each of the following propositions:

(1) That she has a disability - the Parties agree that Plaintiff has a disability;

(2) That she was otherwise eligible for residency at Carriage Estates; and

(3) That her disability was a substantial factor in Defendants' decision to deny Plaintiff's request that her grandson serve as her caregiver.  Plaintiff does not have to prove that her disability was the only factor or the main factor in the decision. Nor does Plaintiff have to prove that her request would have been granted if not for her disability.

"Substantial factor" means a significant motivating factor in bringing about the Defendants' decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Plaintiff on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for the Defendants on this claim.

**INSTRUCTION NO. 14**

**Claim 2: Reasonable Accommodation**

To establish the Plaintiff's claim that the Defendants discriminated against her by failing to provide a reasonable accommodation, the Plaintiff must prove, by a preponderance of the evidence, each of the following three elements:

(1) the Plaintiff was otherwise eligible to reside at Carriage Estates; and

(2) the Defendants received adequate notice of the Plaintiff's disability and desire for a reasonable accommodation; and

(3) a reasonable accommodation was available that would have enabled the Plaintiff to obtain the full benefit of her housing.

It is for you to determine whether the accommodation requested by the Plaintiff was reasonable.

**INSTRUCTION NO. 15**

**Reasonable Accommodation - Definition**

A reasonable accommodation is a measure that enables the enjoyment of equal benefits, privileges, or terms and conditions of housing that are available to tenants without disabilities.

Once a landlord is on notice of an impairment, the landlord has a duty to inquire about the nature and extent of the impairment. The tenant has a duty to cooperate with her landlord to explain the nature and extent of her impairment and resulting limitations as well as her qualifications.

A landlord must provide a reasonable accommodation for a qualified tenant with a disability unless the landlord can show that the accommodation would impose an undue hardship on the landlord. The obligation to reasonably accommodate applies to all aspects of housing, and a landlord cannot deny a housing opportunity to a qualified applicant or tenant because of the need to provide reasonable accommodation.

**INSTRUCTION NO. 16**

**Undue Hardship – Definition**

A landlord is not required to accommodate a tenant's disability if it would impose an undue hardship on the operation of the landlord's business.  An accommodation is ordinarily considered reasonable if it imposes no fundamental alteration in the nature of the Defendants' program or undue financial or administrative burdens.  Landlords must make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling.

**INSTRUCTION NO. 17**

**Claim 3: Retaliation**

The Plaintiff seeks damages against the Defendants for retaliation. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1) the Plaintiff participated in an activity protected under Washington or federal law, that is requesting a reasonable accommodation;

(2) the Defendants subjected the Plaintiff to an adverse action, that is denying a request for a reasonable accommodation and/or serving eviction notices; and

(3) the Plaintiff was subjected to the adverse action because of her participation in a protected activity.

A plaintiff is "subjected to an adverse action" because of her participation in a protected activity if the adverse action would not have occurred but for that participation.

If you find that the Plaintiff has proved all three of these elements, your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendants.

**INSTRUCTION NO. 18**

**Adverse Action**

An action is adverse if a reasonable tenant would have found the action materially adverse, which means it might have dissuaded a reasonable tenant from requesting a reasonable accommodation.

**INSTRUCTION NO. 19**

**Measure of Damages: Economic and Non-Economic Damages**

It is the duty of the court to instruct you as to the measure of damages.  By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for Plaintiff, you must determine the amount of money that will reasonably and fairly compensate Plaintiff for such damages as you find were proximately caused by the acts of the Defendants.

If you find for Plaintiff, you should consider the emotional harm to Plaintiff caused by Defendants' wrongful conduct, including emotional distress experienced and with reasonable probability to be experienced by Plaintiff in the future.

In addition, the law that applies to this case authorizes an award of nominal damages. If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**INSTRUCTION NO. 20**

**No Transcript**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

## INSTRUCTION NO. 21

### Duty to Deliberate

Before you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 22

### Access to Exhibits

Those exhibits received in evidence will be provided to you on the "Box.com" platform, and you will be able to view them in the virtual jury room.

Court staff will show you how to use the "Box.com" platform and how to locate and view the exhibits on your device. If you have questions about how to operate the "Box.com" platform, you may use the "Ask for Help" button to invite court staff into the virtual jury room. After court staff has joined, you may use the "Chat" function of ZoomGov to pose your questions. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem requires instruction, a court technician may enter the virtual jury room with the courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the virtual jury room, the jury shall not deliberate. No juror may say anything to the court technician other than to describe the technical problem or to seek information about operation of the "Box" platform. Do not discuss any exhibit or any aspect of the case.

While you are deliberating, you may not use your electronic devices for any purpose other than discussing the case with the other jurors via the ZoomGov.com platform, viewing the exhibits on the "Box.com" platform, reviewing or referring to these jury instructions, and/or downloading, completing, and returning the verdict form. For example, you may not access or interact with any website (other than ZoomGov.com and Box.com), database, directory, dictionary, media player, electronic mail service, or game during your deliberations. In addition, you may not download or copy, via screen shot or snipping tool, photography, or

otherwise, any of the exhibits available via the "Box.com" platform or otherwise provided to you.

## INSTRUCTION NO. 23

### Contacting the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 24**

**Verdict Form**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## INSTRUCTION NO. 25

### Conduct as Jurors

I will now say a few words about your conduct as jurors.

First, keep an open mind, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you have received all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.