UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY TAYLOR,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HARVEY C HARBAUGH, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C19-1761 MJP<br><br>ORDER ON MOTION FOR ATTORNEYS' FEES |

This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees. (Dkt. No. 61.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 64), the Reply (Dkt. No. 67), and all supporting materials, the Court GRANTS in part and RESERVES RULING in part on the Motion.

**BACKGROUND**

After presenting this case to a seven-person jury, the Parties agreed to accept a non-unanimous jury verdict. The non-unanimous jury (5-2) returned a verdict in Plaintiff's favor on her claims of retaliation under the Washington Law Against Discrimination and the Fair Housing

Act and awarded her $5,000. (Jury Verdict, Dkt. No. 59.) The same non-unanimous jury (5-2) otherwise returned a verdict in Defendants' favor on Plaintiff's claims for housing discrimination and failure to provide reasonable accommodation under the WLAD and FHA. (Id.) Plaintiff now moves for an award of attorneys' fees and nontaxable costs.

## ANALYSIS

**A.     Motion for Attorneys' Fees Standard**

"The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011). To determine the fee award for a prevailing party, the Court begins by calculating a lodestar "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see Ewing v. Glogowski, 198 Wn. App. 515, 521 (2017) (accord under Washington law). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley, 461 U.S. at 435. And "[i]n these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Id.

Under federal law, the Court determines the hourly rate by considering the "evidence produced by the parties, including fee rates of other attorneys in similar practices, awards in comparable cases, counsel's experience and reputation level, and the market rates, as well as two additional Kerr factors: the novelty/difficulty of the issues and the preclusion of other work." Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005). And under Washington law, if the "attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate." Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597 (1983). But "[t]he attorney's usual

fee is not, however, conclusively a reasonable fee and other factors may necessitate an adjustment," such as "the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case." Id. And "[t]he reasonable hourly rate should be computed for each attorney, and each attorney's hourly rate may well vary with each type of work involved in the litigation." Id.

In deciding the number of hours "reasonably expended," the Court considers whether the time on matter that was "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. The requesting attorney "must provide reasonable documentation of the work performed" to enable this determination. Bowers, 100 Wn.2d at 597; Hensley, 461 U.S. at 433 (accord). "This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (i.e., senior partner, associate, etc.)." Bowers, 100 Wn.2d at 597.

**B.    Prevailing Party**

The Parties do not dispute that Plaintiff prevailed on her retaliation claims under the WLAD and FHA and is entitled to attorneys' fees and nontaxable costs. See 42 U.S.C § 3613(c)(2); RCW 49.60.030(2). The Court finds Plaintiff is the prevailing party and entitled to fees and nontaxable costs under both laws.

**C.    Lodestar**

The Parties dispute the reasonable number of hours billed to the matter, but not the hourly rate requested. The Court reviews the entire lodestar request and each area of dispute.

**1.    Hourly Rate**

Plaintiff's counsel, Scott Thomas, seeks approval of an hourly rate of $340. Thomas has been in practice for 26 years and practices in the field of employment and housing

discrimination. (Declaration of Scott Thomas ¶¶ 3-5 (Dkt. No. 61-1).) As Thomas avers, the nature of the dispute in this case is generally considered unattractive because of the amount of time it takes to litigate the complex issues and the relatively small potential monetary recovery. (Id. ¶ 6.) Thomas also provides declarations from local attorneys who affirm that an hourly rate of $340 is consistent with the hourly rates charged within the local community for someone of Thomas's skill and experience for a matter such as this. (See Declaration of Thomas Seguine ¶ 5 (Dkt. No. 61-2); Declaration of Heather Webb ¶ 5 (Dkt. No. 61-3).) The Court finds counsel's requested rate to be a reasonable one that reflects his experience, skill, and the risks involved in this litigation. The Court approves the $340/hour rate.

### 2. Hours Expended

Plaintiff claims that her counsel reasonably spent a total of 284.6 hours litigating this matter to date. This figure includes a reduction of 1.1 hours that Plaintiff agrees are purely clerical in nature and an additional 1.8 hours spent drafting the reply brief to this Motion. Defendants ask for a reduction of 54.5 hours. Having reviewed the billing records and the briefing, the Court rejects Defendants' arguments except as to the agreed-upon reduction for clerical tasks.

<u>Excessive Time</u>

Defendants attack several time entries as reflecting excessive time spent on simple or unnecessary matters. The Court disagrees. First, Defendants argue that the 8.5 hours counsel billed to drafting the complaint was unreasonable. Defendants fail to explain why this is true, and Plaintiff's counsel has explained why the hours he expended on this critical part of the case were reasonable. The time incurred was not excessive. Second, Defendants question the time counsel spent communicating with and preparing an outline for the testimony of Garry Taylor, arguing that it greatly exceeded the actual amount of time he testified at trial. The mere fact that counsel

ultimately decided to limit Mr. Taylor's testimony at trial to conserve time does not show that this preparation was excessive or wasteful. (See Thomas Reply Decl. ¶ 4 (Dkt. No. 67-1).) Third, Defendants attack the time counsel spent preparing for Plaintiff's testimony and Harbaugh's testimony at trial. These entries are not excessive and were reasonable given the importance of these witnesses to trial. The Court finds no basis to reduce the time entries Defendants believe were "excessive."

Block Billing

Defendants take issue with a number of time entries that they claim are impermissible block billing. Block billing can be problematic when it makes it difficult to discern whether the amount of time spent on discrete activities was reasonable or not. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007); Bowers, 100 Wn.2d at 597. The time entries Defendants identify here as block billed are not subject to a reduction. The entries show that counsel was performing different, but related tasks where the total amount of time expended on the block-billed work was reasonable. Further segregation of the time entries was unnecessary for the Court to assess the reasonableness of the time expended. The Court rejects the request to trim back time that was block billed.

Clerical Time

Defendants identify 1.1 hours billed to purely clerical work that they argue should be excluded from the lodestar. Plaintiff agrees to this reduction and the Court therefore applies it in calculating the lodestar. But Defendants have otherwise failed to convince the Court that the other entries they identify as purely clerical should be reduced. The work identified was substantive and necessary to Plaintiff's efforts to litigate this matter. The Court makes no additional reductions.

Fee Petition

|1| Defendants take issue with the 6.1 hours counsel billed to drafting the fee petition,
arguing that counsel should have simply spent this time negotiating a settlement of the attorneys'
fees at issue. The time expended in seeking approval of an award of attorneys' fees is
compensable. See Clark v. City of Los Angeles, 803 F.2d 987, 992 (9th Cir. 1986) (considering §
1988 claims); Lambert v. Ackerley, 180 F.3d 997, 1012 (9th Cir. 1999). Plaintiff was permitted
to file her fee petition and the time her counsel spent in support of the motion and reply was
reasonable—a mere 7.9 hours. The fact that Plaintiff did not seek to resolve the request for fees
before filing this motion is not a basis to find the time spent in furtherance of the present Motion
was excessive or unnecessary.

Retrial Issues

Defendants lastly complain about the half-hour that Plaintiff's counsel billed to
researching legal issues concerning a possible retrial. As Plaintiff's counsel explains in the reply,
this time was spent researching the issue of the divided jury and his client's options if she did not
want to accept a non-unanimous verdict. (Reply at 5-6.) The Court finds this time was properly
and reasonably spent and will not reduce it.

\* \* \*

The Court therefore determines the correct lodestar in this case is $96,764 (284.6 hours at
$340/hour). The Court GRANTS the Motion in part, awarding attorneys' fees to Plaintiff in the
amount of $96,764.

**D.** **Nontaxable Expenses**

Defendants object to Plaintiff's request for reimbursement of $6,287.50 that Plaintiff
claims to have incurred for "technical and material assistance" from an entity called DT
Technical Solutions. Plaintiff has filed an invoice from DT Technical Solutions, which claims
that it billed 50.3 hours at $125/hour to providing "technical and material assistance" in Salem

and Sedro-Woolley. (Dkt. No. 61-1 at 32.) Plaintiff's counsel explains that the invoice reflects time spent by his son and another individual his son retained to assist with insuring Plaintiff and various witnesses could connect to and participate in the remote trial. (Thomas Reply Decl. ¶ 10.) Counsel also states that he has previously paid his son for establishing a server and VPN at his offices and resolving wireless issues, but he does not state what billing rate was or how much he paid for this work. (Id.)

The Court finds that the costs of technical assistance necessitated by the remote nature of the proceedings are properly recovered. But the record before the Court is inadequate to determine whether the costs proposed are reasonable. Plaintiff has not identified what amount has actually been paid for this work or what the terms of the contract, if any, are. The company itself does not appear to be organized under the laws of Washington and, as Defendants note, the address on the invoice does not appear to be valid. There is also insufficient information about the experience and training of the individuals who did the work and the exact nature of the work performed. The Court is without sufficient information to know whether the amounts billed are reasonable for the work performed. The Court therefore RESERVES RULING on this request. If Plaintiff seeks compensation for these nontaxable costs, she must address the Court's concerns through a supplemental brief of no more than 3 pages (though there is no limit on the pages of any supporting declarations and exhibits). This shall be due within 7 days of entry of this order. Defendants shall be permitted a response of no more than 3 pages (again, with no limit on the pages of supporting declarations and exhibits) due 5 days after Plaintiff files her brief. No reply shall be filed and the time Plaintiff incurs in filing any supplemental briefing shall not be taxed to Defendants.

## CONCLUSION

Plaintiff ultimately prevailed on her claims of retaliation and is entitled to an award of attorneys' fees and nontaxable costs. Plaintiff has demonstrated that the lodestar calculation in this case reflects a reasonable and appropriate award of attorneys' fees. The Court therefore GRANTS the Motion in part and awards $96,764 in attorneys' fees. And while the Court finds that the costs of technical assistance necessitated by the remote format of this trial are properly recovered, Plaintiff has failed to provide sufficient evidence of the actual costs incurred and whether they are reasonable. Consistent with the terms set out above, Plaintiff is given leave to file supplemental briefing on this issue and Defendants shall have an opportunity to respond. The Court thus RESERVES RULING on this portion of the Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 12, 2021.

Marsha J. Pechman
United States Senior District Judge